1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11  SHEGAW AMBACHEW,                      )   1:05-cv-00677-OWW- TAG HC
                                          )
12                                        )
                                          )
13              Petitioner,               )   REPORT AND RECOMMENDATION
                                          )   REGARDING PETITIONER'S MOTION
14                                        )   FOR STAY OF FINAL ORDER OF
                                          )   DEPORTATION  (Doc. 1)
15       v.                               )
                                          )   ORDER DENYING PETITIONER'S
16                                        )   MOTION TO APPOINT COUNSEL  (Doc. 1)
    JOHN ASHCROFT, et al.                 )
17                                        )   ORDER  DIRECTING CLERK OF COURT
                                          )   TO SEND PETITIONER A BLANK FORM
18              Respondents.              )   FOR FEDERAL PRISONERS FILING
    _____)   PURSUANT TO § 2241
19

20       Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

21  pursuant to 28 U.S.C. § 2241.

22                              <u>PROCEDURAL HISTORY</u>

23       This case was initiated on May 26, 2005, when Shegaw Ambachew ("Petitioner") filed with

24  the Court a document entitled: "Emergency Motion for a Stay of the Final Order of Deportation

25  Pending Judicial Review of Petition for Writ of Habeas Corpus Pursuant 28 U.S.C. 2241

26  Challenging Final Order On All Constitutional Issues, Claims, and Grounds"  (the "Motion").

27  (Doc.1).  In his Motion, Petitioner alleges the following:  that he is a citizen of Ethiopia who entered

28  the United States without proper documentation on December 20, 1997; that removal proceedings

                                          1

1   were initiated on April 23, 1998; that he requested both asylum under the Immigration and

2   Naturalization Act ("INA") § section 208(a) and waiver of removal under INA § 241(b)(3); and that

3   a final order of removal was issued on September 3, 1998, by the immigration judge ("IJ"), who also

4   denied Petitioner's request for asylum.  (Doc. 1, pp. 9-10).  On December 3, 2002, the Board of

5   Immigration Appeals ("BIA") summarily affirmed the IJ's decision.  (Id. at p. 10).  A subsequent

6   motion to reopen the proceedings to hear the merits of Petitioner's request for a waiver of removal

7   was denied by the BIA on February 6, 2003.  (Id. at p. 11).  Petitioner alleges that, if removed to

8   Ethiopia, he would be subject to "Torture, persecution and Death."  (Id.).

9          In the instant Motion, Petitioner alleges legal errors in the removal proceedings to which he is

10  presently subject.  Petitioner contends that the IJ and the BIA deprived him of his substantive and

11  procedural due process rights by failing to inform him of various legal options available to him at the

12  time of the removal proceedings.  (Doc. 1, pp. 3-4).  Petitioner also alleges that his trial counsel was

13  ineffective in failing to present evidence at the removal proceedings that Petitioner was tortured in

14  Ethiopia, in failing to timely file his appeal in the Ninth Circuit Court of Appeals, and in failing to

15  attempt to reopen the removal proceedings after the removal order had been issued .  (Doc. 1, p. 6).

16  Petitioner expressly seeks an order vacating and setting aside the final order of removal and the

17  remand of his case to the BIA or IJ for further proceedings.  (Id. at p. 7).  Petitioner also requests an

18  emergency stay of all removal proceedings, as well as appointment of counsel to represent him.

19  (Id.).

20         Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

21  of each Petition for Writ of Habeas Corpus.  The Court must dismiss a petition "[i]f it plainly

22  appears from the face of the petition . . . that the petitioner is not entitled to relief in the district

23  court." Rule 4 of the Rules Governing  2254 Cases[1]; see, also,  Hendricks v. Vasquez, 908 F.2d 490

24  (9th Cir. 1990).

25  ///

26  ///

27

28         [1]The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

1

DISCUSSION

2      A.  <u>Failure to File A Petition For Writ of Habeas Corpus</u>.

3      A federal court may only grant a petition for writ of habeas corpus if the petitioner can show

4 that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ

5 of habeas corpus must therefore specify the grounds for relief. Rule 2(c) of the Rules Governing

6 § 2254 Cases. The petition must also allege the facts surrounding petitioner's incarceration.

7 28 U.S.C. § 2242. The petitioner must make specific factual allegations that would entitle him to

8 habeas corpus relief if they are true. <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>United</u>

9 <u>States v. Poopola</u>, 881 F.2d 811, 812 (9th Cir. 1989). In addition, a petition presented in pro se must

10 be upon the form approved by the court. Rule 2 of the Rules Governing § 2254 Cases; Local Rule

11 81-190. These rules ensure that all information needed is before the court. Each ground for relief

12 must be clearly stated and allege what federal constitutional violation has occurred, along with

13 providing facts that support the grounds for relief. If a petition contains no grounds entitling the

14 petitioner to habeas corpus relief, the court must dismiss the petition. Rule 4 of the Rules Governing

15 § 2254 Cases.

16      Although Petitioner's Motion alludes to the filing of a petition for writ of habeas corpus, and

17 its contents also seek to invoke this Court's jurisdiction under 28 U.S.C. § 2241, the Motion is not

18 styled as a petition for writ of habeas corpus and it does not contain enumerated claims of federal

19 constitutional violations. Further, the Motion was not filed on the standard form provided for a

20 federal prisoner seeking habeas relief pursuant to 28 U.S.C. § 2241, and it is not signed under

21 penalty of perjury, both of which are requirements in this District for the filing of a habeas corpus

22 petition. Rule 2 of the Rules Governing § 2254 Cases; Local Rule 81-190. Moreover, the Motion

23 recites that "Petitioner will file a separate brief raising all the constitutional issues, claims and

24 grounds upon which Petitioner is entitled to mandatory statutorily reliefs and humanitarian relieves

25 [sic]...." (Doc. 1, p. 2).

26      In short, it is unclear whether Petitioner intends the Motion to serve as a petition for writ of

27 habeas corpus, or whether Petitioner is simply moving the Court for certain types of relief in

28 anticipation of filing a formal petition for writ of habeas corpus. If the Motion is intended only as a

3

vehicle to request certain types of relief in anticipation of Petitioner filing a formal petition for writ

of habeas corpus, then this Court is presently without jurisdiction to act because no petition for writ

of habeas corpus has been filed that invokes the habeas corpus jurisdiction of this Court.  If the

Motion is intended to serve as a petition for a writ of habeas corpus, then, for the reasons discussed

above, the Motion is, even under liberal standards of construction, insufficient to be considered a

habeas corpus petition.

Petitioner, however, will be granted leave, should he so desire, to file an "amended petition"

using the appropriate form for federal prisoners.  Should Petitioner decide to file an amended

petition for a writ of habeas corpus in this Court, the Court notes that, given the nature of the

allegations contained in the instant Motion, which challenge the final order of removal, **it appears

that the Court would be without jurisdiction to consider even a properly filed habeas petition**.

On May 11, 2005, Public Law 109-13 was enacted.  Section 106 of that law (the Real ID Act

of 2005, hereinafter "RIDA"), is entitled "Judicial Review of Orders of Removal."  Section 106

amends 28 U.S.C. § 1252, providing in pertinent part as follows:

> Notwithstanding any other provisions of law (statutory or nonstatutory), including section
> 2241 of title 28, United States Code, or any other habeas corpus provision...<u>a petition for
> review filed in an appropriate court of appeals in accordance with this section shall be the
> sole and exclusive means for judicial review of an order of removal entered </u>or issued under
> any provision of this Act, except as provided in subsection (e)...."

(Emphasis supplied.)

Section 106 thus divests the district court of jurisdiction in habeas corpus cases involving

challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for

judicial review of such orders in the federal appeals court for the district in which the removal order

was issued.  In this case, Petitioner's Motion alleges a series of errors in the proceedings culminating

in a final order of removal.  Although Petitioner has yet to file a formal habeas petition enumerating

his claims of federal constitutional violations, should he file such a petition pursuant to this Order,

and should that petition contain claims challenging a "final order or removal, deportation, or

exclusion," this Court would lack jurisdiction to proceed and would, pursuant to the RIDA,

recommend to the District Judge that the case be transferred to the venue specified in Section 106,

///

4

1   i.e., the United States Court of Appeals for the Ninth Circuit, the federal appeals court for the district

2   in which Petitioner's final order of removal was issued.[2]

3          B. Request for Stay.

4          A motion for stay pending a district court's review of a petition for writ of habeas corpus on

5   the merits is reviewed under the same standards used to evaluate motions for preliminary

6   injunctive relief. Andreiu v. Ashcroft, 253 F.3d 477 (9th Cir. 2001). The petitioner must show "either

7   a probability of success on the merits and the possibility of irreparable injury, or that serious legal

8   questions are raised and the balance of hardships tips sharply in petitioner's favor." Id. at 480

9   (quoting Abbassi v. I.N.S., 143 F.3d 513, 514 (9th Cir. 1998).

10         Here, Petitioner's Motion, as presently framed, is insufficient to be considered as a habeas

11  corpus petition; moreover, the Motion states that Petitioner "will file a separate brief raising all the

12  constitutional issues, claims and grounds upon which Petitioner is entitled to mandatory statutorily

13  reliefs and relieves [sic]...." (Doc. 1, p.2.)  In the absence of a proper petition for writ of habeas

14  corpus, the undersigned concludes that it would be premature to recommend that a stay be granted

15  pending review of such an as-yet-unfiled pleading. Conversely, in the event Petitioner does file a

16  petition for writ of habeas corpus challenging a final order of deportation or removal, the district

17  court would lack jurisdiction to consider the petition because the entire habeas corpus proceeding

18  would then be within the sole and exclusive jurisdiction of the Ninth Circuit Court of Appeals,

19  including any emergency motion for a temporary stay of deportation or removal.[3]  28 U.S.C. § 1252.

20  Accordingly, at this time, any ruling on Petitioner's request for a stay is premature.

21         C. Motion for Appointment of Counsel.

22         There currently exists no right to the appointment of counsel in habeas proceedings. See,

23  e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell

24  _____

25         [2] Nothing in this Order would prevent Petitioner from filing a habeas corpus petition challenging a final order of
     removal or deportation directly in the Ninth Circuit Court of Appeals in the form of a petition for review.

26

27         [3] Regarding the granting of a temporary stay, Ninth Circuit Court of Appeals General Order 6.4 Emergency Motions
     (c) Motions for Stay of Deportation of Removal in Petitions for Review,  provides in pertinent part that: "Upon the filing of
     a motion or request for stay of removal or deportation, the order of removal or deportation is temporarily stayed until further
28   order of the court."

1  v. Wyrick, 727 F.2d 773 (8th Cir.), *cert. denied,* 469 U.S. 823 (1984).  Although Title 18 U.S.C.

2  § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so

3  require," see, Rule 8(c), Rules Governing Section 2254 Cases, the Court has determined that the

4  interests of justice do not require the assistance of counsel at this stage in the proceedings.  Should

5  the Court find otherwise, it can sua sponte issue an Order of Appointment.  To date, however,

6  Petitioner has not filed a habeas petition invoking the jurisdiction of this Court; therefore, the Court

7  finds that no such appointment of counsel is warranted at this time.

8                                        **RECOMMENDATION**

9          For the foregoing reasons, the undersigned RECOMMENDS that Petitioner's Motion be

10  DENIED without prejudice, with respect to the portion thereof requesting a stay of the final order of

11  removal.

12          This Report and Recommendation is submitted to the United States District Court Judge

13  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

14  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

15  thirty (30) days after being served with a copy of this Report and Recommendation, any party may

16  file written objections with the Court and serve a copy on all parties. Such a document should be

17  captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the

18  Objections shall be served and filed within ten (10) court days (plus three days if served by mail)

19  after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to

20  28 U.S.C. § 636 (b)(1)(C).

21          The parties are advised that failure to file objections within the specified time may waive the

22  right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23                                        **ORDERS**

24          Accordingly, it is ORDERED:

25      1.      The Clerk of Court is DIRECTED to send Petitioner a blank form petition for

26              prisoners filing pursuant to § 2241.

27      2.      Petitioner is granted leave to file an amended petition by filling out the form petition

28              in its entirety within **thirty (30)** days of the date of service of this order.  The

amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury.  Petitioner is advised that the form petition must set forth all of the claims for relief, including the facts and arguments in support of those claims.  Petitioner should also note that every pleading to which an amendment is permitted must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.  Local Rule 15-220.

3.      Petitioner's motion for appointment of counsel (Doc. 1), is DENIED without prejudice and with leave to file a new motion for appointment of counsel at a later time.

Petitioner is forewarned that his failure to comply with this order may result in a recommendation that the Motion or a subsequent amended petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    June 10, 2005**                              _____/s/ Theresa A. Goldner_____
j6eb3d                                                          UNITED STATES MAGISTRATE JUDGE

7