**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SHEGAW AMBACHEW,** | **1:05-cv-00677-OWW-TAG HC** |
| Petitioner, | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 8)** |
| v. | **ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. 7)** |
| **ALBERTO R. GONZALEZ, et al.,** | |
| Respondents. | **ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR A STAY AND/OR RELEASE PENDING REVIEW OF HIS HABEAS PETITION (Doc. 9.)** |

### I.  INTRODUCTION

Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 8, Amended Petition for Writ of Habeas Corpus, filed June 21, 2005.  The petition alleges that Petitioner's continued detention violates his substantive and procedural due process rights under the Fifth Amendment and is a violation of Respondent's statutory authority.  Doc. 8 at 4. Additionally, petitioner alleges that he is entitled to Temporary

1

Protected Status pursuant to 8 U.S.C. § 1254a, because of "ongoing war and arm[ed] conflict in Ethiopia." *Id*. Along with his habeas petition, Petitioner also filed a motion for appointment of counsel. Doc. 7.

On June 27, Petitioner filed an "emergency motion" seeking both (1) a stay pending resolution of his habeas petition and (2) release from detention. Doc. 9.

## II.  **FACTUAL SUMMARY**

Petitioner is a native and citizen of Ethiopia and is currently being detained at the Lerdo Pre-trial Detention Facility in Bakersfield, California. Doc. 8 at 2-3. On September 3, 1998, an Immigration Judge ordered Petitioner removed from the United States. Doc. 8 at 2. Petitioner appealed that order to the Board of Immigration Appeals, which denied his appeal on December 3, 2002. *Id*. Petitioner is now subject to a final order of removal. *Id*. Petitioner entered ICE custody on March 16, 2005, and has been detained continuously by ICE since that date. Doc. 8 at 3.

Along with his emergency motion, Petitioner has submitted documentation of recent election-related violence in Ethiopia. *See* attachments to Doc. 8.

//
//
//
//
//
//

### III.  DISCUSSION

**A.  Jurisdiction Under The Real ID Act**

The "Real ID Act," signed into law May 11, 2005, stripped the district courts of jurisdiction to hear habeas petitions that challenge final orders of removal.  It pertinent part, the Act provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, ***a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act***, except as provided in subsection (e).

8 U.S.C. § 1252(a)(5), Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005, Pub L. No. 109-13 ("Real ID Act")(emphasis added).

Here, Petitioner maintains that his continued ***detention*** is inherently unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Although a removal order may have precipitated Petitioner's detention, the Real ID Act does not preclude the district court's exercise of jurisdiction over the Petitioner's challenge to the lawfulness of his continued detention.

Petitioner also asserts that he is not eligible for removal because he is entitled to temporary protected status under 8 U.S.C. § 1254a.  This assertion is a challenge to the underlying order of removal.  The Real ID act provides that a petition for review filed with the Ninth Circuit Court of appeals is the sole and exclusive means for Petitioner to seek review of this issue.  The district court cannot rule on Petitioner's entitlement to temporary protected status.  Accordingly, this memorandum opinion addresses only the unlawful detention claim.

3

**B.   Merits of the Habeas Petition**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution...." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991)(*quoting Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.[1] However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *United States v. Poopola*, 881 F.2d 811, 812 (9th Cir. 1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition...that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; *see also, Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

In the instant case, Petitioner alleges that his mandatory and indefinite detention by ICE violates the Fifth Amendment and

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

4

exceeds Respondent's statutory authority.  This issue was addressed by the United States Supreme Court in *Zadvydas*, 533 U.S. 678.

In *Zadvydas*, the Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority. *Id*. at 699.  In addition, the Court held that the Immigration and Nationality Act's ("INA") post-removal-period detention statute does not permit indefinite detention, but instead implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  *Id* at 689.  When faced with making such a determination, the Court must consider "the statute's basic purpose, namely, assuring the alien's presence at the moment of removal."  *Id*. at 699.  In addition, the Court must take appropriate account of the Executive Branch's "greater immigration related expertise," ICE's "serious administrative needs and concerns," and the "Nation's need to speak with one voice in immigration matters."  *Id. at 700*.

The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of detention" of *six months*.  *Id*. at 700-701.  The burden is on the alien to show that there is no reasonable likelihood of repatriation.  *Id*. at 701 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has

5

been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

After six months, and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. However, where an alien seeks release prior to the expiration of the presumptive six-month period, his claims are unripe for federal review. *See Abbott Laboratories, Inc. v. Gardner*, 387 U.S. 136, 148-49 (1967) ("[The ripeness doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.").

In this case, Petitioner has been in ICE custody following a final order of removal since March 16, 2005. Petitioner's current detention is still well within the six month "presumptively reasonable period of detention." Petitioner alleges that he has "received no indication that [Ethiopia] will acquiesce to repatriation in the reasonably foreseeable future," and that "[a]s a result of that country's recalcitrance," ICE has "been unable to obtain travel documents" for Petitioner that would effectuate his removal. Doc. 1 at 3.

Petitioner's unsubstantiated allegations alone, however, are insufficient to overcome the presumption of reasonableness of the

6

six month period, and his claims of constitutional violations are not ripe for review.  Should Petitioner's detention continue past the six month presumptive period, he may seek any remedies available to him. re-file the instant federal action and obtain review.  At that time, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.  As currently filed, however, the petition must be **DENIED** on ripeness grounds.

**B.   Motion for Appointment of Counsel.**

There presently exists no absolute right to appointment of counsel in habeas proceedings.  *See e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); *Mitchell v. Wyrick*, 727 F.2d 773 (8th Cir.), *cert. denied*, 469 U.S. 823 (1984).  However, Title 18 U.S.C. § 3006A, authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  *See* Rule 8(c), Rules Governing Section 2254 Cases.  The dismissal of the instant petition for lack of ripeness obviates Petitioner's need for counsel at this time.  Accordingly, Petitioner's motion for appointment of counsel is **DENIED AS MOOT.**  Doc. 4.

**C.   Motion for Stay and/or Release.**

As explained above, Petitioner's habeas claims must be dismissed because they are not ripe for review.  Accordingly, his motion for a stay pending judicial review of his habeas petition

7

must also be denied as moot.  In other words, Petitioner cannot obtain a stay pending review, because this order disposes of his habeas petition (i.e., it is no longer pending).

Petitioner also moves for release on his own recognizance pursuant to Federal Rule of Appellate Procedure 23 or for an order that he be granted supervised released.  Rule 23 pertains only to a habeas petitioner's custody status while review of his or her habeas petition is *pending*.  Again, because this order disposes of Petitioner's habeas claims, he cannot be released pursuant to Rule 23.  The district court does not have jurisdiction to otherwise order Petitioner's release.

Accordingly, the emergency petition for a stay or for release, Doc. 9, must be **DENIED AS MOOT**.

### IV.   CONCLUSION

For the reasons set forth above:

1. The Petition for Writ of Habeas Corpus (Doc. 8)  is **DISMISSED WITHOUT PREJUDICE** because the claims raised are not ripe for review;
2. Petitioner's motion for appointment of counsel (Doc. 7) is **DENIED AS MOOT;** and
3. Petitioner's motion for a stay or for release pending review of his habeas petition is DENIED AS MOOT.

**SO ORDERED**
**Dated: July 7, 2005                        /s/ OLIVER W. WANGER**

                                        _____
                                        **Oliver W. Wanger**

**United States District Court**

9