IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEGAW AMBACHEW,<br><br>            Petitioner,<br><br>    vs.<br><br>MICHAEL MUKASEY, et al.,<br><br>           Respondents. | No. CV-F-05-677 OWW/TAG<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT PURSUANT TO RULES 59(e) and 60(b), FEDERAL RULES OF CIVIL PROCEDURE (Doc. 15) AND DIRECTING CLERK OF COURT TO SERVE COPY OF ORDER ON NINTH CIRCUIT |

**A.  Procedural Background**.

On June 14, 2005, the United States Magistrate Judge recommended that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied without prejudice with respect to the portion of the petition requesting a stay of the final order of removal.  Petitioner was advised that any objections to the recommendation be filed within 30 days of service of the Findings and Recommendation.  (Doc. 6).

On June 21, 2005, Petitioner filed an amended petition for

writ of habeas corpus.  (Doc. 8).

On June 27, 2005, Petitioner filed an "Amended Emergency Motion for a Stay Pending Judicial Review of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C., Section 2241 Challenging Indefinite Post-Removal Detention."  (Doc. 9).

On July 7, 2005, an Order was filed dismissing the petition for writ of habeas corpus, denying Petitioner's motion for appointment of counsel, and denying Petitioner's Amended Emergency Motion.  (Doc. 10).  Judgment was entered on July 7, 2005.  (Doc. 11).  The July 7, 2005 Order dismissed the petition for writ of habeas corpus as recommended by the Magistrate Judge before the time to file objections to the recommendation had expired.

On July 8, 2005, Petitioner timely filed objections to the Findings and Recommendation.  (Docs. 12 & 13).

On July 18, 2005, Petitioner filed an "Emergency Motion to Vacate and Set Aside Order and Judgment Pursuant to Rule 59(e) and Rule 60(b)(1)(2)(3)(4)(5)(6), FRCP; Motion to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241; and Further Motion for Reconsideration."  (Doc. 15).

Petitioner's July 18, 2005 motion was never resolved by the District Court.

On December 6, 2005, Petitioner filed a Notice of Appeal from the July 7, 2005 Order and Judgment.  (Doc. 17) A Certificate of Appealability was denied on January 26, 2006.  (Doc. 18).

On November 5, 2008, the Ninth Circuit issued an Order:

> A review of the record demonstrates that, although the December 6, 2005 notice of appeal was not filed within 30 days from entry of the July 7, 2005 judgment, on July 18, 2005, appellant filed a timely motion for relief from judgment pursuant to Fed. R. App. P. 4(a)(4) [sic].  This district court has not ruled on that motion, which was terminated by the Clerk on March 17, 2008.
>
> Accordingly, this appeal is remanded to the district court for the limited purpose of allowing that court to rule on appellant's July 18, 2005 motion.  The district court is requested to serve a copy of its decision on this court at its earliest convenience. Briefing is stayed pending further order of this court.

(Doc. 21).

    B.   <u>Merits of Petitioner's July 18, 2005 Motion</u>.

        1.   <u>Allegations of Amended Petition for Writ of Habeas Corpus</u>.

Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleges that Petitioner is a native and citizen of Ethiopia and that he is currently being detained at the Lerdo Pre-Trial Detention Facility in Bakersfield, California.  On September 3, 1998, an Immigration Judge ordered Petitioner removed from the United States.  Petitioner appealed the removal order to the Board of Immigration Appeals, which denied his appeal on December 3, 2002.  Petitioner is now subject to a final order of removal.  Petitioner entered ICE custody on March 16, 2005, and has been detained continuously by ICE since that date.  The amended petition for writ of habeas corpus

3

alleges four grounds for relief:

> 1. Petitioner's indefinite detention under 8 U.S.C. § 1231(a)(6) exceeds Respondent's statutory authority to detain the Petitioner;
>
> 2. Petitioner' indefinite detention violates the Petitioner's substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment to the Constitution;
>
> 3. Respondent's INS current detention of Petitioner is punitive in nature and, thus, constitutes punishment without due process of law;
>
> 4. Petitioner declares that he is entitled to (TPS) Temporary Protected Status under 8 U.S.C. § 1254a due to the on-going war and armed conflict in Ethiopia.

The amended petition prayed that the Court order the INS to release Petitioner from its custody immediately under reasonable conditions of supervision.

        2.  <u>July 7, 2005 Order</u>.

The July 7, 2005 Order ruled that the Real ID Act, 8 U.S.C. § 1252(a)(5), signed into law on May 11, 2005, does not preclude the District Court's exercise of jurisdiction over Petitioner's challenge to the lawfulness of his continued detention but that the Real ID Act precluded District Court jurisdiction over Petitioner's claim that he is not eligible for removal because he is entitled to temporary protected status under 8 U.S.C. § 1254a. The July 7, 2005 Order addressed only Petitioner's claims that his continued detention pending removal violated his constitutional rights.

The Court, relying on *Zadvydas v. Davis*, 533 U.S. 678

**(2001), ruled:**

> **In this case, Petitioner has been in ICE custody following a final order of removal since March 16, 2005. Petitioner's current detention is still well within the six month 'presumptively reasonable period of detention.' Petitioner alleges that he has 'received no indication that [Ethiopia] will acquiesce to repatriation in the reasonably foreseeable future,' and that '[a]s a result of that country's recalcitrance,' ICE has 'been unable to obtain travel documents' for Petitioner that would effectuate his removal.**
>
> **Petitioner's unsubstantiated allegations alone, however, are insufficient to overcome the presumption of reasonableness of the six month period, and his claims of constitutional violations are not ripe for review. Should Petitioner's detention continue past the six month presumptive period, he may seek any remedies available to him, re-file the instant federal action and obtain review. At that time, Petitioner must provide 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.' *Zadvydas*, 533 at 701. As currently filed, however, te petition must be DENIED on ripeness grounds.**

    **3.**    <u>**Petitioner's July 18, 2005 Motion**</u>.

In his motion to vacate the July 7, 2005 Order and Judgment, Petitioner asserts that the Court must consider his timely objections to the Findings and Recommendation and grant "Petitioner his immediate Release on Order of Supervision under INA 241(a)(3), 8 U.S.C. 1231(a)(3), 8 C.F.R. 241.5 and pursuant to FRAP 23 and 28 U.S.C. 2241." Petitioner asserts that the District Court "must decide pursuant to REAL ID ACT OF 2005, section 106(c) all Petitioner's Indefinite Detention issues and to issue an Order transferring all other Constitutional Claims

5

and Legal Questions to the Ninth Circuit court for appellate Review on Petition for Review as set forth in Petitioner's Objection to Magistrate Judge's Report and Recommendation dated July 06, 2005."

Petitioner's July 18, 2005 motion is DENIED as moot to the extent that it seeks immediate release from ICE custody.  On December 6, 2005, Petitioner filed a Notice of Change of Address, (Doc. 16), advising that his new address is:

>     11903 Westgate Circle
>     Overland, Kansas 66213

The Court takes judicial notice of the U.S. Immigration and Customs Enforcement website at www.ice.gov.  There is no detention facility in Kansas.  Available evidence shows Petitioner has been released from ICE detention.

Petitioner's July 18, 2005 motion is DENIED to the extent that it seeks transfer of his challenges to the removal order to the Ninth Circuit.  Petitioner commenced this action on May 26, 2005, after the effective date of the REAL ID Act.  Consequently, the petition for writ of habeas corpus must be dismissed, rather than transferred.  *See Iasu v. Smith*, 511 F.3d 881, 888-889 (9th Cir.2007).

ACCORDINGLY:

1.  Petitioner's "Emergency Motion to Vacate and Set Aside Order and Judgment Pursuant to Rule 59(e) and Rule 60(b)(1)(2)(3)(4)(5)(6), FRCP; Motion to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241; and Further Motion

**for Reconsideration" is DENIED;**

    **2.  The Clerk of the Court is directed to serve a copy of this Memorandum Decision and Order on the Ninth Circuit.**

IT IS SO ORDERED.

**Dated:   November 12, 2008**                  /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE